UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED AT 16549 VAIL ROAD SE, YELM, WASHINGTON, THURSTON COUNTY PARCEL NUMBER 22630220000 and REAL PROPERTY LOCATED AT 16545 VAIL ROAD SE, YELM, WASHINGTON, THURSTON COUNTY PARCEL NUMBER 22630220100,<br><br>                 Defendant. | CASE NO. C14-5231RBL<br><br>ORDER |

THIS MATTER is before the Court on Claimant Diana Nemes' Motion to Stay Interlocutory Private Sale Pending Appeal [Dkt. #170]. The Motion is **GRANTED IN PART AND DENIED IN PART**. The Court will Stay the sale if and when Nemes posts a bond to secure the Secured Party (DiLuzio, for ease of reference; Suessman is also a Claimant) in an amount 1.5 times the total balance owed. The current purchase price balance is approximately $546,471.36, with interest accruing at $255.00 daily. In addition, back property taxes are owed to Thurston County in the amount of $102,452.02. The total approximate balance is just shy of

ORDER - 1

$650,000. Nemes must therefore post a supersedeas bond in the amount of **$975,000.00** before the Court will stay the sale. The supersedeas bond is shall be filed with the Clerk of the Court within ten (10) days of this order. If it is not, the sale will proceed.

**A. Stay Order**

Nemes asserts the four-part test to support her motion to stay the sale of the property. In the context of a motion to stay the sale of a property seized pursuant to criminal forfeiture, at least two district courts in this Circuit have applied a four-factor test: (1) "the likelihood of success on appeal; (2) whether the forfeited asset will likely depreciate over time; (3) the forfeited asset's intrinsic value to the Defendant (the availability of substitutes); and (4) the expense of maintaining the forfeited property." *United States v. Close*, Case No.: CR03-069, 2006 U.S. Dist. LEXIS 2655, at *6-7 (D. Idaho Jan. 12, 2006) (*quoting United States v. Riedl*, 214 F.Supp.2d 1079, 1082 (D. Haw., 2001) (internal citations omitted)).

Nemes argues first that she has a likelihood of success on appeal. She provides no factual basis supporting this contention. But in balancing DiLuzio's and Nemes's respective due process rights, DiLuzio has demonstrated that Nemes defaulted on her obligations under the note and deed of trust before the property was even seized.

If Nemes claims a likelihood of success in overturning the government's underlying seizure, she offers no facts from which the Court could conclude she is likely to prevail. But on this record, she has no likelihood of succeeding in her battle with DiLuzio. Nemes attempts to avoid the consequence of her default by blaming the Government, but from DiLuzio's perspective that is irrelevant. Nemes has been in default since before the seizure, Nemes admits she is in default, and she basically quibbles over the default terms. For purposes of the first *Close* factor, Nemes is not close to demonstrating that she is likely to succeed.

The second *Close* factor weighs against a stay, but if a stay is ordered, it must be bonded. The asset is clearly deteriorating, through neglect. Meanwhile, the liabilities secured by it— the DiLuzio note and Thurston County property taxes—are both increasing. All concerned, including Nemes, will benefit if the property is sold now, and these underlying obligations are retired.

The third factor is the intrinsic value to Nemes of the real property in its present form. Nemes claims this property has unique value as her home. This is absurd. Nemes has never lived there. Nemes bought this 53-acre parcel to develop. It had preliminary plat approval for subdivision into numerous lots. The property was leased to tenants at the time of the seizure, while Nemes lived on Deer Ridge. In fact, Nemes has further recently revealed that if she gets all her property back, she intends to live on Deer Ridge, not on this property. This property has never been and will not be Nemes' home. There is nothing of personal or intrinsic value in this property to Nemes. Nemes offers no facts to the contrary.

The fourth *Close* factor is the expense of maintaining the property. From the Marshal's report, we know the property has not been maintained. Taxes are not being paid. The underlying debt is not being paid. Squatters and vandals are a continuing problem. The cost of maintaining the Nemes asset, in the form of net cash remaining after sale and settlement of underlying debt, is next to nothing. No one is maintaining the real property now.

**B. Supersedeas Bond**

Federal Rule of Appellate Procedure 8 states that a "party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal[.]" Fed. R. App. P. 8(a)(1)(A). Federal Rule of Civil Procedure 62 provides that when a defendant appeals a judgment, the "appellant may obtain a stay [of proceedings to enforce the judgment] by supersedeas bond[.] The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d); *see also Kranson v. Fed. Express Corp.*, Case No.: 11-cv-05826, 2013 U.S. Dist. LEXIS 181838, *1

(N.D. Cal. Dec. 31, 2013) (quoting same). The purpose of a supersedeas bond is to shield an appellee from a loss that could result from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

District courts retain the discretion to "waive the bond requirement or allow the judgment debtor to use some alternative type of security." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F.Supp. 1101, 1104 (S.D. Cal. 1990); *accord Fed. Prescription Serv. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 759-61, 205 U.S. App. D.C. 47 (D.C.Cir.1980) (noting Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"); *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir.1986) (holding district court has discretion to waive $2 million appeal bond).

In determining whether to waive the bond requirement in normal civil case, a district court may look to the following factors:

(1) the complexity of the collection process;
(2) the amount of time required to obtain a judgment after it is affirmed on appeal;
(3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
(4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
(5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Kranson*, 2013 U.S. Dist. LEXIS 181838, at *2-3 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). "Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement." *Id.* at *3 (*citing Cotton ex rel. McClure v. City of Eureka*, Cal., 860 F.Supp. 2d 999, 1028 (N.D. Cal. 2012)); *see also U.S. Bank N.A. v. Wayman*, Case No. 13-cv-02203-BAS, 2016 U.S. Dist. LEXIS 69358, at *2-3 (S.D. Cal. May 25, 2016) (applying *Dillon* factors).

From DiLuzio's perspective, collection process is not complex, it is impossible without an order of sale. The seizure disables DiLuzio from collection by foreclosure. A sale now will result is a

cash payment to DiLuzio, retiring the debt. A bond will provide a source of cash payment if the sale is delayed, so that DiLuzio is secured in the meantime.

The second factor—the amount of time to get a judgment after appeal—assumes Nemes loses. It also supports a sale converting Nemes' asset to cash, and paying DiLuzio and Thurston County. The best evidence of this is the passage of time. Both DiLuzio and Nemes have suffered negative consequences since 2014. Nemes has been subject to default interest and penalties, and DiLuzio has not been able to protect his investment. These adverse consequences will only increase if Nemes appeals the sale, time passes, and she loses. The default interest will be much higher, the asset will be further wasted, and no one knows what the County might do in the meantime. DiLuzio will suffer extreme prejudice (and ironically, so will Nemes), if the sale is delayed. Only an adequate bond will protect at least DiLuzio from this prejudice.

The third factor (the Court's confidence in the availability of money to pay a judgment) applies only to the DiLuzio debt. DiLuzio is not able to realize on its security, which is now a wasting asset. Nemes argues that United States technically has custody of the property, but that is far from the truth. The property is vacant, subject to squatters and vandals, and is a growing liability for both DiLuzio and the County. The Court has no confidence that, absent a sale or a bond, there will be funds available to pay DiLuzio and the County if this contest continues indefinitely.

The Fourth factor (Nemes' ability to pay) does not support waiving the bond requirement. If Nemes could pay, she would have, long ago.

The final factor is the impact on Nemes' other creditors if a bond is required. DiLuzio has no knowledge of other creditors, other than perhaps the Nemes' lawyers, and the Romanian government, which seeks $70 million in laundered back taxes.

**C. Usurious Rate**

Claimant Nemes argues that the default interest set forth in the Promissory Note (18%) violates Washington State's usury laws. This was not a consumer transaction. RCW 19-52-080. This note was negotiated in good faith, and there is no evidence that it was intended to be usurious.

Parties are free to contract for default interest above 12% in notes and deeds of trust such as this. *Brown v. Investors Mortgage Co.*, 121 F.3d 472 (1997). Further, this transaction was not "primarily for persona, family or household purposes." *Op. Atty. Gen, 1981, No. 9*.

A usury defense must be asserted within six months of the date the final installment is due, whether by acceleration or otherwise. RCW 19.52.032. Here, the note was due years ago by its own terms, and was accelerated on default. Four full years have passed and Nemes has not raised this usury defense. It is frivolous to do so now. *See also Mackey v. Maurer,* 153 Wn. App. 107, 220 P 3d 1235 (2009).

## CONCLUSION

The Motion to Stay is **GRANTED IN PART AND DENIED IN PART**. The Court will stay the sale if and only if Nemes files with the Clerk of the Court, a Supersedeas Bond in the amount of $975,000.00 within ten (10) days of this Order. If she does not do so, the sale will go forward.

IT IS SO ORDERED.

Dated this 20th day of September, 2018.

Ronald B. Leighton
United States District Judge